Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Christian Mok**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Ross Dress for Less, Inc.**, an Arizona company;<br><br>Defendant. | **Case No.**<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Christian Mok ("**Plaintiff**"), for his Verified Complaint against Defendant Ross Dress for Less, Inc. ("**Ross**"), hereby alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendant for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover minimum wage compensation,

liquidated damages, treble damages, and statutory penalties resulting from Defendant's violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendant's violations of the AWS.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff's state law claims are sufficiently related to his federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Plaintiff was employed by Defendant in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff Christian Mok resided in the District of Arizona.

9. Plaintiff Christian Mok was a full-time employee of Defendant from on or around September 22, 2021, until on or around June 23, 2022.

10. At all relevant times, Plaintiff Christian Mok was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiff Christian Mok was an employee of Defendant

as defined by A.R.S. § 23-362(A).

12. At all relevant times, Plaintiff Christian Mok was an employee of Defendant Ross as defined by A.R.S. § 23-350(2).

13. Defendant Ross is a company authorized to do business in Arizona.

14. Defendant Ross was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. Defendant Ross was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. Defendant Ross was Plaintiff's employer as defined by A.R.S. § 23-350(3).

17. Plaintiff has a good faith reasonable belief that in his work for Ross, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

18. Plaintiff has a good faith reasonable belief that in his work for Ross, he was employed by an enterprise engaged in commerce that has and will have annual gross sales of at least $500,000 in 2022.

19. At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

20. At all relevant times, Plaintiff, in his work for Defendant, was engaged in interstate commerce.

21. Plaintiff, in his work for Defendant, regularly handled goods produced and transported in interstate commerce.

22. Plaintiff would the telephone to communicate with staff at the store.

23. Plaintiff is a covered employee under individual coverage.

24. Plaintiff is a covered employee under enterprise coverage.

**FACTUAL ALLEGATIONS**

25. Defendant is a clothing store.

26. On or around September 22, 2021, Plaintiff Christian Mok commenced employment with Defendant as a stock room worker.

27. Plaintiff's primary job duties included unloading the truck, installing security tags on items, stocking, and loss prevention.

28. From on or around September 22, 2021, to in or around February 2022, Plaintiff Christian Mok was paid at a rate of $13 an hour.

29. From in or around February 2022, to on or around June 23, 2022, Plaintiff Christian Mok was paid at a rate of $14 an hour.

30. Plaintiff was a non-exempt employee.

31. Plaintiff has not been paid his final paycheck.

32. Plaintiff did not receive his direct deposit on payday.

33. Plaintiff called the store numerous times to inquire about his paycheck and was told Defendant was trying to figure out the issue.

34. On or around June 27, 2022, Plaintiff called HR about his missing wages and did not receive a call back.

35. Plaintiff is owed approximately $400 in back wages.

36. As of the day of filing this complaint, Plaintiff has still not received his final paycheck

37. Defendant failed to properly compensate Plaintiff for his hours worked.

38. Plaintiff, therefore, did not receive his FLSA minimum wage or Arizona minimum wage.

39. Defendant wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

40. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

41. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

42. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

43. At all relevant times, Plaintiff was employed by Defendant within the meaning of the FLSA.

44. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

45. Defendant has intentionally failed and/or refused to pay Plaintiff's minimum wage according to the provisions of the FLSA.

46. As a direct result of Defendant's violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

47. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

48. Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

49. Defendant knew Plaintiff was not being compensated full minimum wages

for time worked.

50. Defendant knew their failure to pay minimum wage was a violation of the FLSA.

51. Defendant has not made a good faith effort to comply with the FLSA.

52. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

53. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

54. At all relevant times, Plaintiff was employed by Defendant within the meaning of the Arizona Minimum Wage Statute.

55. Defendant intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

56. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

57. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

58. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

59. At all relevant times, Plaintiff was employed by Defendant within the

meaning of the Arizona Wage Statute.

60. Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

61. Defendant was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

62. Defendant failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

63. Defendant has willfully failed and refused to timely pay wages due to Plaintiff.

64. As a result of Defendant's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendant committed the following acts:

  i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

  iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court;

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED July 26, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
    5050 N. 40th St., Suite 260
    Phoenix, AZ 85018
    Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Christian Mok declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Christian Mok